IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JODY KRUG,<br><br>    Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | 8:23CV511<br><br>**ORDER** |

  Plaintiff Jody Krug ("Krug") sued defendant Auto-Owners Insurance Company ("Auto-Owners") on October 10, 2023, in the District Court of Douglas County, Nebraska, alleging Auto-Owners "refused to pay anything" on Krug's insurance claim for severe wind and hail damage to his property. Krug asserts Auto-Owners's alleged refusal to pay for those losses—which he states amount to $503,716.25—has resulted in a breach of the parties' insurance contract. He also alleges Auto-Owners's actions constitute bad faith in violation of the Nebraska Unfair Insurance Claims Settlement Practices Act. *See* Neb. Rev. Stat. § 44-1540.

  Auto-Owners removed the action to this Court on November 16, 2023, pursuant to 28 U.S.C. §§ 1332 and 1441, and later filed a Motion to Dismiss and Motion to Bifurcate and Stay Discovery (Filing No. 5). Auto-Owners claims the insurance policy issued to Krug was "issued by Owners Insurance Company, not by" Auto-Owners. Asserting it "was not a party to the contract" alleged to have been breached, Auto-Owners argues Krug's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

  Auto-Owners also asks the Court "to bifurcate [Krug's] bad faith claim from [his] breach of contract claim and to stay discovery on the bad faith claim until resolution of the contract claim." *See* Fed. R. Civ. P. 42(b) (permitting district courts to "order a

separate trial of one or more separate issues [or] claims" for "convenience, to avoid prejudice, or to expedite and economize"); *see also Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 498-99 (8th Cir. 2009) (describing the district court's discretion to bifurcate issues for trial and the appropriate factors to consider, including "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion" (quoting *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990))). It recognizes, however, that its dismissal from the case "would moot [these] other motions."

Now before the Court is the parties' Joint Stipulation to Grant Motion to Dismiss and Motion to Bifurcate and Stay Discovery and to Allow Plaintiff to Amend Complaint (Filing No. 10). The parties submit to the Court that they stipulate to the entry of an Order: (1) granting Auto-Owners's Motion to Dismiss them as a named defendant; (2) permitting Krug to file the Amended Complaint attached to the stipulation against Owners Insurance Company; and (3) granting Auto-Owners's Motion to Bifurcate and Stay Discovery on Krug's bad-faith claim. The stipulation is signed by representatives of both parties.

Under Federal Rule of Civil Procedure 15(a), once twenty-one days have passed since the service of a pleading, a party may generally only "amend its pleading with the opposing party's written consent or the court's leave." Although months have passed since Krug's complaint was served on October 17, 2023, Krug has Auto-Owners's written consent to amend his complaint in accordance with the parties' stipulation. Krug also attached the proposed Amended Complaint to the stipulation, which itself identifies the change made to the pleadings and the reason for that change. *See* NECivR 15.1(a) (stating a "party who moves for leave to amend a pleading" must attach to their motion a "copy of the proposed amended pleading that clearly identifies the proposed amendments").

Under these circumstances, Krug is permitted under Rule 15(a)(2) to file his Amended Complaint. Krug is to file his Amended Complaint by January 30, 2024. The Court will take up Auto-Owners's pending motions upon the filing of that Amended Complaint, as it is possible those motions will be rendered moot by its dismissal as a party. *See Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803-04 (8th Cir. 2013) (unpublished per curiam) (explaining that district courts sometimes find an amended complaint moots a pending motion to dismiss).

IT IS SO ORDERED.

Dated this 23rd day of January 2024.

> BY THE COURT:
>
> Robert F. Rossiter, Jr.
> Chief United States District Judge