# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JODY KRUG,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OWNERS INSURANCE COMPANY,<br><br>　　　　　　Defendant. | 8:23CV511<br><br>ORDER |

　　　　This matter is before the Court on the Motion for Sanction of Dismissal and Motion to Compel (Filing No. 36) filed by Defendant, Owners Insurance Company. Defendant seeks a Court Order (i) sanctioning Plaintiff with dismissal of Plaintiff's action, pursuant to Fed. R. Civ. P. 37(b)(2)A)(v), for failing to comply with the Court's discovery Order (Filing No. 28) or, alternatively, (ii) an Order compelling full and complete discovery responses, with all objections waived, pursuant to Fed. R. Civ. P. 37(a). Defendant also requests that the Court award to Defendant its attorneys' fees incurred in connection with this motion. Plaintiff did not respond to the motion. See NECivR 7.1(b)(1)(C) ("Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts."). After review, the Court will grant the motion to compel and for attorney's fees.

## BACKGROUND

　　　　Plaintiff commenced this action in Douglas County District Court on October 10, 2023, seeking damages from her insurance company arising out of damage to her residence during a wind and hail storm on July 7, 2021. Defendant removed the case to this Court on November 16, 2023. (Filing No. 1). The Court entered a Case Progression Order (Filing No. 19) setting July 1, 2024, as the deadline to complete written discovery.

　　　　On June 16, 2024, Defendant served Interrogatories and Requests for Production on Plaintiff. (Filing No. 21). Defense counsel sent Plaintiff's counsel a letter on July 18, 2024, after receiving no responses to the written discovery, requesting responses by July 28, 2024. (Filing No. 37-3). On July 30, 2024, Defense counsel emailed Plaintiff's counsel documenting his attempt to call to discuss the outstanding discovery responses. (Filing No. 37-4). After still receiving no

discovery responses, on August 2, 2024, defense counsel emailed the undersigned magistrate judge's chambers to request a telephone conference prior to filing a motion to compel the overdue written discovery. (Filing No. 37-5).

The undersigned magistrate judge held a telephone conference with counsel for the parties on August 13, 2024. (Filing No. 28). During the call, Plaintiff's counsel explained that the belated discovery responses were caused by client communication issues. (Filing No. 28). As stated on the record during the call, (Filing No. 29), the undersigned magistrate judge ordered Plaintiff to "respond to all previously served written discovery, with objections waived, by August 27, 2024." Defendant was "given leave to file a motion to compel if the plaintiff fails to provide discovery," and warned Plaintiff, "if the defendant's motion to compel is granted," the Court could order attorney's fees as a sanction under Fed. R. Civ. P. 37(a)(5). (Filing No. 28).

Defendant filed the instant motion for sanctions or to compel on September 5, 2024. (Filing No. 36). As stated above, Plaintiff did not respond to the motion.

## DISCUSSION

Answers to interrogatories and responses to requests for production of documents are due 30 days after service, unless the parties agree or the Court orders otherwise. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Rule 37 of the Federal Rules of Civil Procedure permits a party to move the Court for an order compelling answers, production, or disclosure when a party fails to respond to written discovery requests. See Fed. R. Civ. P. 37(a)(3)(A)-(B).

Defendant served Interrogatories and Requests for Production on Plaintiff on June 16, 2024. (Filing No. 21). Plaintiff did not respond to those discovery requests. After defense counsel's failed attempts to communicate with Plaintiff's counsel to obtain the overdue requests, defense counsel requested an informal discovery dispute telephone conference with the Court, as required by the Court's Case Progression Order and civil case management practices. Following the informal discovery dispute conference held on August 13, 2024, the Court directed Plaintiff to "respond to all previously served written discovery, with objections waived, by August 27, 2024," and gave Defendant "leave to file a motion to compel if the plaintiff fails to provide discovery." (Filing No. 28). Plaintiff failed to provide discovery as ordered. On August 29, 2024, defense counsel contacted Plaintiff's counsel, and on August 30, 2024, Plaintiff's counsel again indicated that communication difficulties with Plaintiff continued to hinder discovery responses. (Filing No.

37-6; Filing No. 35 at p. 2). Defendant thereafter filed the instant motion for sanctions or to compel on September 5, 2024. (Filing No. 36).

After review, the Court will grant Defendant's motion to the extent it requests to compel discovery responses from Plaintiff. See Filing No. 28 (providing Defendant with leave to file a motion to compel if plaintiff fails to provide discovery by August 27, 2024). Plaintiff is ordered to serve answers to Interrogatories, and responses to Requests for Production of Documents, with objections waived, by **October 21, 2024**. At this time, the Court declines to grant Defendant its requested sanction of dismissal under Rule 37(d)(1)(A)(ii) and (b)(2)(A) of the Federal Rules of Civil Procedure. However, Defendant also requests the sanction of an award of attorney's fees incurred in connection with filing this motion. Rule 37(a)(5)(A) provides that, if a motion for an order compelling discovery under this rule is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Defense counsel prepared and filed an Affidavit (Filing No. 37-7) setting forth counsel's hourly rate and time spent on this motion, and asks for an award of $2,849.00 in attorney's fees. Preliminarily, the Court finds that fee award is reasonable. However, before awarding fees or expenses, the Court must give Plaintiff an opportunity to be heard. Accordingly, the Court will require Plaintiff to file a response by **October 17, 2024**, setting forth any reason why an award of $2,849.00 in fees is unjust under Rule 37(a)(5)(A). Finally, Plaintiff is warned that failure to comply with this Court order compelling discovery may result in the Court's award of further appropriate sanctions upon Defendant's motion, including dismissal of this action, pursuant to Rule 37(d)(1)(A)(ii) and (b)(2)(A). Upon consideration,

**IT IS ORDERED:**

1. Defendant's Motion for Sanction of Dismissal and Motion to Compel (Filing No. 36) is granted as set forth above.

2. Plaintiff is ordered to serve all outstanding answers to Interrogatories and responses to Requests for Production of Documents, with objections waived, on or before **October 21, 2024.**

3. Plaintiff shall have until **October 17, 2024**, to set forth any reason why an award of $2,849.00 in fees to Defendant is unjust under Rule 37(a)(5)(A)

4. Plaintiff is notified that failure to comply with this Order may result in appropriate sanctions upon Defendant's motion, including a recommendation that this case be dismissed pursuant to Rule 37(d)(1)(A)(ii) and (b)(2)(A).

Dated this 3rd day of October, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge