IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JODY KRUG,<br><br>    Plaintiff,<br><br>v.<br><br>OWNERS INSURANCE COMPANY,<br><br>    Defendant. | **8:23CV511**<br><br>**ORDER** |

  This matter is before the Court on the magistrate judge's[1] Findings and Recommendation (Filing No. 46) regarding defendant Owners Insurance Company's ("Owners") motion for sanctions (Filing No. 44). *See* 28 U.S.C. § 636(b)(1) (authorizing a district judge to designate a magistrate judge to determine any nondispositive pretrial matter and submit "proposed findings of fact and recommendations for the disposition" of dispositive matters). In this case, plaintiff Jody Krug ("Krug") alleges Owners refused to pay for property damage in breach of an insurance policy it issued to Krug (Filing No. 13). For months, Krug has evaded involvement in the proceedings, failing to respond to discovery requests or communicate with his attorneys.

  On Owners's motion (Filing No. 36), the magistrate judge preliminarily determined an attorney fee award of $2,849.00 was appropriate under Federal Rule of Civil Procedure 37(a)(5)(A) and gave Krug until October 17, 2024, to set forth any opposition to such an award (Filing No. 40). In that October 3, 2024 Order, the magistrate judge further ordered Krug to respond to outstanding written discovery requests. Krug was warned that his failure to comply "may result in the Court's award of further appropriate sanctions . . . including dismissal of this action." As a result of Krug's

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

actions, the Court has since permitted his counsel to withdraw (Filing No. 42).[2]  *See* NEGenR 1.3(f).

On November 12, 2024, Owners filed the pending "Motion for Sanctions Pursuant to Rule 37(d)(1)(A)(ii) and (b)(2)(A) or, in the Alternative, Motion to Dismiss Pursuant to Rule 41(b)."  Its motion details Krug's "continued noncompliance and failure to meaningfully progress this action," including his failure to respond to "written discovery requests or otherwise comply with any of the Court's orders."  Given those problematic circumstances, Owners urges the Court to dismiss Krug's claims with prejudice.  Unsurprisingly, Krug has not opposed or otherwise responded to Owners's motion despite Owners's representation that he was served the motion both by mail and e-mail.  *See* NECivR 7.1(b)(1)(B) (giving a party 14 days to respond to most motions and 21 days to respond to a motion to dismiss).  In fact, the Court has heard nothing from Krug since he began proceeding *pro se*.

On December 11, 2024, the magistrate judge issued his findings and recommendation concluding "dismissal of [Krug]'s claims, without prejudice, is warranted as a sanction for the continued failure to respond to written discovery and repeated disobedience of the Court's orders."  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(ii); *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (stating it is within the district court's discretion to grant dismissal as a discovery sanction where "there is '(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice'" (quoting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014))).  He also recommends awarding Owners the requested $2,849.00 fee award, noting the award's reasonableness and Krug's failure to describe how it would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A).  Neither party has timely objected.  *See* NECivR 72.2(a) (stating a

---

[2]Krug's former counsel reported to the Court that they sent notice of that Order to Krug by mail on October 22, 2024 (Filing No. 43).

party may object to a magistrate judge's "findings and recommendation . . . within 14 days after being served with the order").

When an objection is made, the district judge must conduct a de novo review of the objected-to portions of the magistrate judge's findings and recommendation. *See* 28 U.S.C. § 636(b)(1); *Peretz v. United States*, 501 U.S. 923, 939 (1991). Where no objection is made, however, there is no need for "*any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Thus, under the present circumstance,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 46) is accepted in its entirety. Any objections are deemed waived.
2. Defendant Owners Insurance Company's Motion for Sanctions (Filing No. 44) is granted in part.
3. Plaintiff Jody Krug's Amended Complaint (Filing No. 13) is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and (d)(1)(A)(ii).
4. Owners is awarded $2,849.00 in fees pursuant to Federal Rule of Civil Procedure Rule 37(a)(5)(A).
5. Owners's Motion for Summary Judgment (Filing No. 31) is denied as moot.
6. A separate judgment will issue.

Dated this 30th day of December 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge